UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAVETTE M WRIGHT,
    Plaintiff,

v.                                Case No.:  3:24cv126/TKW/ZCB

MAXIE WILLIAM LEO, SR.,
    Defendant.
                                        /

## REPORT AND RECOMMENDATION

Plaintiff commenced this action *pro se* by filing a complaint. (Doc. 1). The complaint names Maxie William Leo, Sr. as the sole Defendant. The complaint alleges violations of Florida's theft statutes. (*Id.* at 1-2, 3-4). On April 29, 2024, the Court issued an order requiring Plaintiff to show cause as to why her case should not be dismissed for lack of jurisdiction within fourteen days. (Doc. 7). That deadline has passed, and Plaintiff has not come forward with information sufficient to establish that this Court has subject matter jurisdiction. Accordingly, this matter should be dismissed.

Federal courts are courts of limited jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is based upon either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *Walker v. Sun Trust Bank*, 363 F. App'x 11, 15 (11th Cir. 2010).

Federal question jurisdiction exists when an action arises under federal law. 28 U.S.C. § 1331. Actions arise under federal law "when a federal question is presented on the face of" the well-pleaded complaint, such as when federal law creates the cause of action that entitles the plaintiff to relief. *Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005). Claims based on state law generally do not confer federal question jurisdiction. *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

A second way to invoke federal subject matter jurisdiction is through diversity jurisdiction. Diversity jurisdiction exists when the parties are residents of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires that the parties be "completely diverse," meaning the plaintiff and defendant cannot be citizens of the same state. *Underwriters at Lloyd's v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010).

The burden to establish federal subject matter jurisdiction rests on the party asserting it. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam). Before dismissing a case for lack of subject matter jurisdiction, the court should provide the plaintiff with notice and an opportunity to respond. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Having reviewed Plaintiff's complaint, it provides no basis for federal subject matter jurisdiction. Plaintiff does not reference federal law anywhere in her complaint. Rather, she references only Florida's theft statutes. Plaintiff also fails to establish diversity jurisdiction. Plaintiff lives in Florida (Doc. 1 at 6; Doc. 8 at 2), and she alleges Defendant is a Florida resident. (Doc. 1 at 2). Thus, she has not established complete diversity. Before recommending dismissal for lack of subject matter jurisdiction, the Court provided Plaintiff with notice and an opportunity to respond by way of the show cause order. Plaintiff had until May 13, 2024 to explain why her case should not be dismissed for lack of subject matter jurisdiction. Her only filing by that deadline was titled "Theft in Violation of Florida Statutes 722.11 and 812.014." (Doc. 8). That filing fails to establish that this Court has subject matter

jurisdiction over her action. Indeed, it does not address the subject matter jurisdiction at all.

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. All pending motions be **DENIED as moot**.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 14th day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.